## THE WHITBURN.

(*District Court, E. D. Pennsylvania.*  May 18, 1881.)

1. WHARFAGE—WHEN INCURRED—USE OF WHARF—TEMPORARY AT-
TACHMENT OF LINE—LANDING OVER WHARF—MOORING VESSEL
ACROSS THE HEAD OF.

A vessel injured by floating ice endeavored to enter the dock of
wharf A., and in doing so attached for a short time a line to wharf
B. Failing to enter the dock, she was moored across the head of
wharf B, at a distance of eight or ten feet from and without attach-
ment to it, her lines being made fast to adjoining wharves. She lay in
this position for 24 hours, during which time her captain landed by
means of a ladder from the vessel to wharf B. *Held,* that the vessel
was liable to the owner of wharf B for wharfage.

In Admiralty.  Libel for wharfage.

The facts are as follows:  The steamship Whitburn sailed
from Philadelphia, April 1, 1881, but being injured by float-
ing ice put back to Philadelphia, leaking.  She endeavored
to enter the dock of pier 41, and in so doing made fast for
a short time a line to pier 40.  Failing, on account of the
ice, to enter the dock, and it being unsafe on account of the
ice and the darkness to seek another dock, she was moored
across the head of pier 40, but at the distance of eight or ten
feet from, and without attachment to that pier, her lines
being made fast to piers 41 and 39.  In this position she
remained for 24 hours, during which time her captain went
ashore over pier 40 by means of a ladder from the vessel to
that pier.  The owner of pier 40 claimed a bill of wharfage
of $10, that being the usual charge per day for the use of his
wharf; and, the bill not being paid, he filed this libel.

*E. Hunn Hanson,* for libellant.

*Charles Gibbons, Jr.,* for respondent.

BUTLER, D. J.  The respondent could make no use of the
wharf without incurring liability to pay for it.  That he did
make use of it is plainly acknowledged in his own testimony.
The extent of the use, and the circumstances under which
it was enjoyed, are not important, in view of the amount
claimed.  The sum would have been promptly paid, the cap-

tain says, if it had been presented before he left. If he had paid it when informed of the demand, I would allow the libellant no costs. As it was not then paid, I will allow the claim for wharfage, ($10,) and half costs. A decree may be prepared accordingly.